## Commonwealth v. Mick

*Richard P. Steward,* for Commonwealth.

*J. Quint Salmon,* for defendant.

SOHN, J., November 13, 1958.—This case is before the court on appeal from a summary conviction on a charge of operating a commercial vehicle, the weight of which is in excess of the weight permitted under the amendment of February 18, 1957, P. L. 3, sec. 1, to The Vehicle Code of May 1, 1929, P. L. 905, sec. 903, 75 PS §453.

Factual issues are raised by the petition and answer. The district attorney and counsel for appellant have stipulated that the vehicle bore Z registration plates, and under the statute permitted a maximum gross weight of 60,000 pounds. It is further stipulated that the gross weight of the loaded vehicle was 64,400 pounds. The case is submitted only for an interpretation of the penalty provision of the statute.

The statute provides:

"(a) Commercial motor vehicles and truck tractors, other than those electrically operated, shall not be used or operated on any highway with gross weight exceeding those specified for the several classes as follows: . . .

"(d) Whenever two vehicles are used or operated as a combination on any highway, the gross weight of the combination shall not exceed the sum of the maximum gross weights allowed for the respective vehicles and, in addition, the gross weight of the combination shall not exceed the gross weight specified as follows: . . .

"Any person operating any vehicles or combination of vehicles, upon any highway, with a gross weight or with weight on any axle or wheel exceeding by more than three (3) per centum the maximum weight allowed in that particular case, shall, upon summary

conviction before a magistrate, be sentenced to pay the costs of prosecution and a fine for each and every pound of excess above the maximum weight allowed according to the following schedule:

|  | The fine shall be. |
|---|---|
| "If the excess is | |
| Not over 3000 pounds ................. | $ 60.00 |
| Over 3000 pounds, but not over 3500 pounds. | 120.00 |
| Over 3500 pounds, but not over 4000 pounds. | 140.00 |
| Over 4000 pounds, but not over 4500 pounds. | 240.00" |

If the penalty is computed on the maximum gross weight of 64,400 pounds, under the facts in this case, the penalty would be $240. This is the amount of fine which was assessed. On the other hand, if the penalty is computed on the amount the weight exceeds, 60,000 pounds, plus three percent or 61,800 pounds subtracted from 64,400 pounds, the penalty would be $60.

It will be observed that the statute is specific and provides that commercial vehicles shall not be operated on any highway with gross weight exceeding, in this case 60,000 pounds. Consequently, any weight in excess of 60,000 pounds is definitely a violation of the statutory prohibition. The three percent allowance appears only in the penalty clause. If the excess weight does not exceed three percent of the allowed maximum gross weight, there could be no prosecution. This provision, obviously, was inserted to prevent prosecutions in cases of trivial violations. The legislature saw fit to fix this limit at three percent. If the excess exceeds three percent there may be prosecution. In such situation what language did the legislature use? It says any person operating a vehicle with a weight exceeding by three percentum the maximum weight allowed shall be sentenced to pay a fine for each and every pound of excess above the maximum weight allowed.

The language used is definite and specific. Maximum weight allowed is scheduled in the statute, for every

type of commercial vehicle. Nowhere, except in providing for prosecution, is any mention made of three percent excess. Moreover, if the weight exceeds the maximum by three percent, prosecution may be had. The penalty is fixed by the excess above the maximum weight allowed. If the legislature had intended otherwise, it could readily have so stated.

### Order

And now, to wit, November 13, 1958, defendant is adjudged guilty and assessed a fine of $240 and costs, $5.